UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONRAD ERIC SANDERS,

    Petitioner,

                                     Case No. 00-75562

v.

                                     Hon. John Corbett O'Meara

DAVID SMITH,

    Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION**
**FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)**

Before the court is Petitioner Conrad Eric Sanders's motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b), filed December 3, 2009. Sanders, a pro se Michigan prisoner, has also filed a motion to proceed *in forma pauperis* and for appointment of counsel. Sanders was convicted with assault with intent to commit murder and possession of a firearm and was sentenced to consecutive terms of fifteen to twenty-five years and two years of imprisonment, respectively. The Michigan Court of Appeals affirmed his conviction on direct appeal, and the Michigan Supreme Court denied leave to appeal in 1999.

Sanders filed a habeas petition in federal court in 2000, alleging ineffective assistance of counsel. This court denied Sanders's habeas petition in 2002, and the Sixth Circuit denied Sanders a certificate of appealability. Sanders filed a motion for relief from judgment in the Wayne County Circuit Court in 2004, in which he alleged an additional claim of ineffective assistance of counsel. Following an evidentiary hearing, the court denied Sanders's motion in 2005. In 2007, both the Michigan Court of Appeals and the Michigan Supreme Court denied

Sanders leave to appeal his post-conviction motion.

Subsequently, Sanders sought leave from the Sixth Circuit to file a second habeas petition. Sanders contended that the victim's medical records, which he alleged contained exculpatory and impeachment evidence, were withheld from the defense. The Sixth Circuit denied Sanders's request on October 27, 2008.

In his Rule 60(b) motion, Sanders alleges that the prosecution committed fraud on the court when it intentionally failed to disclose the medical records of the victim containing exculpatory and impeachment evidence. As a threshold matter, the court must determine whether Petitioner's motion is properly brought pursuant to Rule 60(b) or whether it should be construed as a second or successive § 2254 motion. See Smith v. Anderson, 402 F.3d 718, 723 (6th Cir. 2005) (noting that "§ 2244(b)(3) allocates subject matter jurisdiction to the court of appeals, rather than the district court, in the first instance, over a second or successive habeas petition"). The court should construe the motion as a habeas petition if "it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Gonzales v. Crosby, 125 S. Ct. 2641, 2648 (2005) (applying § 2254). On the other hand, a proper Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Id.

In the instant case, Sanders attacks the underlying judgment on the merits. Therefore, Sanders's Rule 60(b) motion is properly construed as a second or successive § 2254 petition. Sanders has not obtained authorization pursuant to 28 U.S.C. § 2244(b)(3) to file such a motion.

Accordingly, this court lacks jurisdiction to consider it.

In the normal course, the court would transfer Petitioner's motion to the Sixth Circuit. See In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). However, the Sixth Circuit has already denied Sanders permission to file a second habeas petition on the same grounds raised in his Rule 60(b) motion. Therefore, the court will deny the motion.

IT IS HEREBY ORDERED that Petitioner's Rule 60(b) motion is DENIED.

IT IS FURTHER ORDERED that Petitioner's motions to proceed *in forma pauperis* and for appointment of counsel are DENIED AS MOOT.

s/John Corbett O'Meara
United States District Judge

Date: March 2, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 2, 2010, using the ECF system and upon Plaintiff at Mound Correctional Facility (NRF) by ordinary mail.

s/William Barkholz
Case Manager