UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONRAD ERIC SANDERS,

    Petitioner,

                                      Case No. 00-75562

v.

                                      Hon. John Corbett O'Meara

DAVID SMITH,

    Respondent.

_____/

**ORDER DENYING PETITIONER'S
MOTION FOR RECONSIDERATION**

Before the court is Petitioner's motion for reconsideration of this court's order denying Petitioner's Rule 60(b) motion. Pursuant to LR 7.1(g)(2) no response was permitted and no oral argument was heard. The standard for granting a motion for reconsideration is as follows:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(g)(3). The court finds that Petitioner has not demonstrated a "palpable defect" that, if corrected, would result in a different disposition of the case.

Petitioner is a pro se state prisoner who seeks to have his habeas proceedings reopened. The court ruled that Petitioner's motion under Rule 60(b) was properly characterized as a second or successive habeas petition because it attacks his conviction on the merits, as opposed to a defect in the integrity of the habeas proceedings. See Gonzales v. Crosby, 125 S.Ct. 2641, 2648 (2005). Petitioner's motion for reconsideration does not change the court's conclusion.

Petitioner complains that impeachment and exculpatory evidence was withheld at his trial. Although Petitioner asserts that the state also withheld this evidence from consideration during his first habeas proceeding, the essence of Petitioner's claim is that he was wrongly convicted as a result of the withheld evidence. Therefore, Petitioner is attacking the merits of his conviction rather than the integrity of the federal habeas proceeding.

Moreover, the Court of Appeals for the Sixth Circuit already considered the issue of withheld evidence in denying Petitioner's motion to authorize a second or successive habeas petition. See Docket No. 42. After considering the withheld medical records and impeachment evidence presented by Petitioner, the court concluded, "the evidence of Sanders's guilt was substantial, and the new evidence cited simply does not rise to the level of a prima facie showing sufficient to warrant further scrutiny. Under these circumstances, Sanders's motion must be denied." Id.

Therefore, IT IS HEREBY ORDERED that Petitioner's March 15, 2010 motion for reconsideration is DENIED.

s/John Corbett O'Meara
United States District Judge

Date: April 15, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 15, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager